Dear Mr. Jacobs:
Upon receiving your request for clarification of an opinion of this office dated April 25, 1995, (95-184) we spoke with the Honorable B. J. Francis, Mayor of Donaldsonville. He informed us that the term "City Manager" is the position of City Coordinator which is specifically established by Article III, Section 3.03 of the Donaldsonville Home Rule Charter.
LSA-R.S. 42:64A(1) provides as follows:
§ 64. Incompatible offices
 A. In addition to the prohibitions otherwise provide in this part, no other offices or employment shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent.
Because the Charter gives the power to appoint and remove the City Coordinator to the Council it would be a violation of the incompatibility provision of the Dual Officeholding Law for the Council to appoint one of its members.
As clearly stated in our initial opinion the declaration of an emergency does not create an exception to the prohibition.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________ KENNETH C. DEJEAN GENERAL COUNSEL